## JOAB SMITH v. SARAH SMITH.

The right of a widow to waive the provision made for her in the will of her husband and claim dower must be exercised within eight months from the time the will is proved, or it is lost;—and it makes no difference, that the executor named in the will declines to act, and that administration is granted, with the will annexed.

APPEAL from a decree of the probate court for the district of Fairhaven, ordering an assignment of dower and personal property to the appellee, Sarah Smith, as widow of Joab Smith, deceased. Trial by the county court, April Term, 1847,—HALL, J., presiding.

On trial it appeared, that the will of the said Joab Smith was proved and allowed by the probate court on the fifth day of February, 1845; that the executor named in the will refused to accept the trust, and letters of administration, with the will annexed, were granted by the probate court on the seventeenth day of March, 1845; and that the appellee, the widow of the said Joab Smith, gave notice to the probate court in writing, on the third day of November, 1845, that she waived the provision made for her in the will, and demanded her dower and an assignment of personal property.

The county court decided, that, as the said widow did not give such notice within eight months after the will was proved, the decree of the probate court was erroneous; and the same was reversed. Exceptions by appellee.

*R. Pierpoint* for appellee. ·

*Briggs & Williams* and *C. K. Williams* for appellant.

The opinion of the court was delivered by

BENNETT, J. The will of the husband was proved before the court of probate more than eight months before the widow made her election to waive the provisions for her, under the will. But administration with the will annexed was granted by the court of probate less than eight months before she made her election. The only question in the case is, whether the widow exercised the right

of election within the time, in which the statute requires it should have been done.

The Rev. St., p. 289, §6, provides, that the widow may, within eight months after the will of her husband shall have been proved, or after letters of administration shall have been granted on his estate, make her election to waive the jointure, or the pecuniary provisions made for her in lieu of dower, and take her dower, and notify the probate court of such election. It is then made the duty of the court to proceed and set out her dower. We think, it is obvious, that in this section of the statute the legislature had in view both testate and intestate estates; and in the former the eight months begin to run from the time the will is proved, and in the latter from the time administration is granted.

This is apparent, by a reference to the preceding section. That section provides, that the widow may be barred of her dower, first, by a jointure settled on her before marriage, with or without her consent, or after marriage, with her consent, to have effect after the husband's death, and expressed to be in lieu of dower,—second, if the husband has made provision for the wife by his will, and it shall appear to the court of probate, that it was intended to be in lieu of dower,—and third, where the husband shall die without children, or their representatives, in which case the widow takes one half, instead of dower. The sixth section then proceeds to say, "Notwithstanding the provisions in the preceding section, the widow may, within eight months, &c. The legislature doubtless thought, that eight months, either from the probation of the will, in testate estates, or from the granting of administration, in intestate estates, would be sufficient time, to enable the widow to act understandingly, in making her election; and, as a general rule, it would be so.

Though in this case the executor declined the trust, and letters of administration were granted with the will annexed, yet we cannot regard this as an intestate estate; and the eight months must run from the time the will was proved. Letters testamentary usually issue of the date of the probation of the will, but not in all cases. Whether they do, or not, cannot affect the construction of this statute.

With this view of the statute, the judgment of the county court must be affirmed.